# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| ERIC LAMONT THOPMSON, <br> Plaintiff, | Case No. 1:15-cv-621 |
| vs. | Barrett, J. <br> Litkovitz, M.J. |
| JEREMY OPPY, et al., <br> Defendants. | **REPORT AND RECOMMENDATION** |

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this civil rights action under 42 U.S.C. § 1983 against numerous state correctional officials and employees. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir.

1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

2

(1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding pro se, brings this § 1983 action against the following named defendants: Jeremy Oppy, Cynthia Davis, Linnia Mahlman, Gregory Trout, Larry Green, William Cool, and Roger Wilson. (Doc. 1, at PageID 13). In the complaint, plaintiff alleges that he was transferred to SOCF from the Toledo Correctional Institution (ToCI) on June 26, 2014. (*Id.* at 14). Plaintiff claims that although he was transferred as a 4A lateral transfer, he was placed in the 4B lockdown block without due process. He further alleges that defendant Oppy "lied and altered a document stating that [his] 4B placement date was 6-11-14." (*Id.*). Plaintiff claims that on that date he was under a "special management status" pending transfer to SOCF and was never under 4B status. He claims that on June 27, 2014, "Oppy again lied and altered a classification and reclassification form stating that [he] waived a 48 hour notice; also that [he] refused to sign [a] document and also that this was a 4B review." (*Id.*). Plaintiff claims that he informed each of the named defendants of the issue but they failed to take corrective action.

Based on these facts, plaintiff brings eight claims in the complaint. First, in claim one, plaintiff alleges that by failing to correct his security classification, defendant Oppy intentionally and maliciously deprived him of his constitutional rights by refusing to take corrective action and

3

acting with a deliberate indifference. (*Id.* at 14, 16). In claims two through seven, plaintiff alleges that he brought the classification issue to the attention of each of the remaining defendants through kites, informal complaints and grievance requests, but defendants failed to take corrective action and were deliberately indifferent to his constitutional rights. (*Id.* at 21, 23, 27, 31–32, 38, 43). Finally, in claim eight, plaintiff alleges that all defendants acted with deliberate indifference in violation of the Eighth Amendment. (*Id.* at 49).

For relief plaintiff seeks monetary damages.

Plaintiff's complaint is subject to dismissal at the screening stage for failure to state a claim upon which relief may be granted by this Court. In order to state a viable § 1983 claim, plaintiff must allege facts showing that he was deprived of "a right secured by the United States Constitution or a federal statute by a person who was acting under color of state law." *Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003). Here, plaintiff's factual allegations do not give rise to a plausible claim of federal constitutional dimension against the named defendants.

First, to the extent that plaintiff claims defendants are liable for failing to provide him with due process before increasing his security status he has not stated a viable claim under § 1983. The Supreme Court has held that the Constitution does not give rise to a liberty interest in avoiding transfer from a "low- to maximum-security prison because '[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose.'" *Wilkinson v. Austin*, 545 U.S. 209, 221-22 (2005) (quoting *Meachum v. Fano*, 427 U.S. 215, 225 (1976)). A liberty interest may be implicated when a transfer or change in classification imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 223 (quoting *Sandin v. Connor*, 515 U.S.

4

472, 484 (1995)). However, the mere fact that an inmate is transferred to another prison or receives an increase in security classification does not amount to an atypical and significant hardship because prisoners have "no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification." *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005); *see also Johnson v. Mohr,* No. 2:15cv86, 2015 WL 1526804, at *2 (S.D. Ohio Apr. 3, 2015) (Graham, J.); *Lawson v. Haddon*, No. 1:09cv551, 2009 WL 2242692, at *4 (W.D. Mich. July 16, 2009) (and cases cited therein). In *Wilkinson*, the Supreme Court held that inmates do have a liberty interest in avoiding assignment to the Ohio State Penitentiary (OSP), Ohio's "Supermax" prison for the highest "Level 5" security risks. The Court determined that the assignment to OSP imposes an atypical and significant hardship on inmates because the conditions of confinement "are more restrictive than any other form of incarceration in Ohio, including conditions on its death row or in its administrative control units," and prisoners confined there are indefinitely "deprived of almost any environmental or sensory stimuli and of almost all human contact" as well as disqualified for parole consideration. *Id.* at 214, 223-24.

In contrast, in this case, plaintiff challenges his 4B security classification, which does not approach the extreme conditions of Ohio's Supermax prison. Plaintiff has not alleged any facts indicating that his increased security classification rose to the level of an "atypical or significant hardship." As the Sixth Circuit explained in an analogous case in affirming the dismissal of a complaint against prison officials for giving the plaintiff a "higher security classification" and transferring him to a higher level security prison without due process of law:

> [T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner. . . . Although certain forms of discipline, such as the stripping of good time credits, may implicate a liberty interest, . . . other forms of discipline must rise to the level of

5

> an "atypical, significant deprivation" in order to create a liberty interest. . . . Although the indefinite confinement of a prisoner to administrative segregation, …, or the transfer to a type of maximum security facility with virtually no sensory or environmental stimuli, . . can create a liberty interest due to its "atypical, significant deprivation," a simple transfer[] . . . and a higher security classification does not trigger a liberty interest.

*Guile v. Ball*, 521 F. App'x 542, 543-44 (6th Cir. 2013) (case citations omitted); *see also Joseph v. Curtin*, 410 F. App'x 865, 868-69 (6th Cir. 2010); *Lawson, supra,* 2009 WL 2242692, at *4-5. *Cf. Banks v. Sheldon*, No. 3:13cv20, 2013 WL 1947166, at *3 (N.D. Ohio May 9, 2013) (holding that the plaintiff had failed to state a due process claim with regard to his transfer to SOCF and "security classification of Level 4" in the absence of "any allegations about the conditions of the security at SOCF to suggest it imposes an atypical and significant hardship"). Therefore, plaintiff has failed to state a claim for relief against defendants based on his increased security classification.

Second, plaintiff's allegations fail to give rise to an actionable § 1983 claim to the extent that plaintiff suggests that the defendants have mishandled his various kites, informal complaints and grievance requests. There is no right under the Constitution to an effective prison grievance procedure. *See, e.g., Hill v. Warden, Southern Ohio Corr. Facility,* No. 1:12cv63, 2012 WL 1639991, at *2 (S.D. Ohio Mar. 13, 2012) (Litkovitz, M.J.) (Report & Recommendation) (recommending dismissal of portion of complaint complaining about "the failure of prison staff to provide [plaintiff] with inmate grievance forms and other deficiencies in the inmate grievance procedure" because "plaintiff has no federal constitutional right to an effective prison grievance procedure"), *adopted,* 2012 WL 1623565 (S.D. Ohio May 9, 2012) (Weber, J.); *Dearing v. Mahalma,* No. 1:11cv204, 2011 WL 3739029, at *7 (S.D. Ohio Aug. 24, 2011) (Barrett, J.) (holding that the plaintiff's allegations referring to "his dissatisfaction

6

with the . . . investigation of [an] allegedly mishandled letter" through the prison grievance process did not state an actionable claim under 42 U.S.C. § 1983); *Williams v. Harris,* No. 1:11cv362, 2011 WL 3667438, at *3 (S.D. Ohio June 15, 2011) (Litkovitz, M.J.) (Report & Recommendation) (recommending dismissal of complaint against prison official responsible for responding to institutional grievances because the plaintiff had "no constitutional right to an effective grievance procedure"), *adopted,* 2011 WL 3667389 (S.D. Ohio Aug. 22, 2011) (Dlott, J.); *see also Walker v. Michigan Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) (and cases cited therein); *Argue v. Hofmeyer,* 80 F. App'x 427, 430 (6th Cir. 2003) (and cases cited therein); *Overholt v. Unibase Data Entry, Inc.,* No. 98-3302, 2000 WL 799760, at *3 (6th Cir. June 14, 2000).

Furthermore, in the absence of any factual allegations regarding plaintiff's 4B security classification at SOCF, the complaint is simply too conclusory to support any inference that the conditions of plaintiff's confinement at SOCF constitutes cruel and unusual punishment under the Eighth Amendment or amounts to an "atypical and significant hardship" that triggers Fourteenth Amendment due process concerns. *Cf. Harden-Bey v. Rutter,* 524 F.3d 789, 795-96 (6th Cir. 2008) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *Murray v. Unknown Evert,* 84 F. App'x 553, 556 (6th Cir. 2003)) (in rejecting the plaintiff's Eighth Amendment claim in the absence of any allegations that plaintiff was deprived of the "minimal civilized measure of life's necessities," the Sixth Circuit stated: "Because placement in segregation is a routine discomfort that is part of the penalty that criminal offenders pay for the offenses against society, it is insufficient to support an Eighth Amendment Claim."); *see also Joseph,* 410 F. App'x at 868 (citing *Harden-Bey,* 524 F.3d at 795, in holding that confinement in segregation

7

generally does not rise to the level of an atypical and significant hardship implicating a liberty interest under *Sandin* except in "extreme circumstances, such as when the prisoner's complaint alleged that he is subject to an *indefinite* administrative segregation" or that such confinement was excessively long in duration) (emphasis in original); *Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998) (holding that an inmate's administrative segregation for two and a half years while his participation in a prison riot was being investigated did not amount to an atypical and significant hardship); *Mackey v. Dyke*, 111 F.3d 460, 461, 463 (6th Cir. 1997) (117-day delay in releasing the plaintiff from administrative segregation to the general prison population did not impose an atypical or significant hardship on the plaintiff and thus did not trigger due process concerns); *Bradley v. Evans*, No. 98-5861, 2000 WL 1277229, at *7 (6th Cir. Aug. 23, 2000) (and numerous cases cited therein in support of holding that placement for 14 months in administrative segregation did not impose an atypical or significant hardship on the prisoner); *Collmar v. Wilkinson*, No. 97-4374, 1999 WL 623708, at *3 (6th Cir. Aug. 11, 1999) (30 days in Security Control, 14 days in Disciplinary Control and six to eight months in Administrative Control did not constitute an "atypical hardship" under *Sandin*).

Accordingly, in sum, the complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because plaintiff has failed to state a claim upon which relief may be granted against any of the named defendants.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The plaintiff's complaint (Doc. 1) be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an

appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. See *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 10/29/15

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ERIC LAMONT THOPMSON,  
    Plaintiff,

vs.

JEREMY OPPY, et al.,  
    Defendants.

Case No. 1:15-cv-621

Barrett, J.  
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).