# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ERIC LAMONT THOMPSON,

    Plaintiff,

v.

JEREMY OPPY, et al.,

    Defendants.

Case No. 1:15-cv-621

Judge Michael R. Barrett
Magistrate Judge Karen L. Litkovitz

## ORDER

This matter is before the Court upon the Magistrate Judge's October 29, 2015 Report and Recommendation ("R&R") which recommends that Plaintiff's complaint be dismissed with prejudice. (Doc. 7).

Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c). Plaintiff filed objections to the Magistrate Judge's R&R. (Doc. 8). Defendants did not file a response to Plaintiff's objections.

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.; *see also* 28 U.S.C. § 636(b)(1).

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here except as necessary to respond to Plaintiff's objections. Plaintiff alleges that

on June 26, 2014, he was transferred from the Toledo Correctional Institution (ToCI) to the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio. (Doc. 6, at 5). Plaintiff alleges his security classification was increased without due process upon his arrival to SOCF. (Id.) Plaintiff alleges that on two separate occasions, Defendant Oppy lied and altered forms in connection with his transfer. (Id.) In response to this, Plaintiff filed various kites, informal complaints, and grievance requests with several different prison personnel, all of whom allegedly failed to take corrective action. (Id. at 12, 14, 18, 22, 29, 34).

Upon review, the Magistrate Judge recommends dismissing Plaintiff's Complaint. Plaintiff objects, but does not raise anything new. Rather, Plaintiff simply re-argues that he "implicated a liberty interest when [his] transfer imposed 'atypical and significant hardship in relation's [sic] to the ordinary incidents of prison life'" and "that these facts are presented in [the] complaint." (Doc. 8).

In order to state a viable claim under 42 U.S.C. § 1983, Plaintiff must allege facts showing that he was deprived of "a right secured by the United States Constitution or a federal statute by a person who was acting under color of state law." *Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003) (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)). Here, no such facts were alleged. It is well established that no liberty interest is implicated in a transfer from a "low-to maximum-security prison because '[c]onfinement in any of the State's institutions is within the normal limits or range of custody of which the conviction has authorized the State to impose.'" *Wilkinson v. Austin*, 545 U.S. 209, 221-222 (2005) (quoting *Meachum v. Fano*, 427 U.S. 215, 225 (1976)). However, if the transfer or change in classification imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," a liberty interest is implicated. *Id*. at 222-23 (quoting *Sandin v. Connor*, 515 U.S.

472, 484 (1995)).  Plaintiff alleged no specific facts as to how his transfer or reclassification has changed any of his "ordinary incidents of prison life."  Although he was transferred to a different facility, there is nothing in the record that suggests that his prison life is any different on a day-to-day basis.

Even if Plaintiff had alleged his prison life changed, he would need to show that the changes to his prison life impose an "atypical and significant hardship."  *Id*. at 223 (citing *Sandin v. Connor*, 515 U.S. 472, 484 (1995)).  The Supreme Court has acknowledged that an "atypical and significant hardship" exists when an inmate is reassigned to the Ohio State Penitentiary (OSP), which is Ohio's "Supermax" prison for the highest Level 5 security risk inmates.  *Id*. at 223-24. As support for their finding, the Supreme Court cited several reasons:

> For an inmate placed in OSP, almost all human contact is prohibited, even to the point that conversation is not permitted from cell to cell; the light, though it may be dimmed, is on for 24 hours; exercise is for 1 hour per day, but only in a small indoor room. Save perhaps for the especially severe limitations on all human contact, these conditions likely would apply to most solitary confinement facilities, but here there are two added components. First is the duration. Unlike the 30-day placement in [segregation in] *Sandin,* placement at OSP is indefinite and, after an initial 30-day review, is reviewed just annually. Second is that placement disqualifies an otherwise eligible inmate for parole consideration. . . . While any of these conditions standing alone might not be sufficient to create a liberty interest, taken together they impose an atypical and significant hardship within the correctional context. It follows that respondents have a liberty interest in avoiding assignment to OSP.

*Id*. (citing *Sandin,* 515 U.S. at 483).  Though the Supreme Court noted "the difficulty of locating the appropriate baseline" in determining an atypical and significant hardship, Plaintiff's transfer and reclassification falls well short of the atypical and significant hardship found in *Wilkinson*, as Plaintiff is not facing any of the conditions outlined above.  *Id*. at 223.

The Sixth Circuit has addressed this specific issue as it relates to a prisoner receiving a higher security classification.  The Sixth Circuit has determined that:

3

> [T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner . . . Although the indefinite confinement of a prisoner to administrative segregation . . . or the transfer to a type of maximum security facility with virtually no sensory or environmental stimuli . . . can create a liberty interest due to its "atypical, significant deprivation," a simple transfer, issuance of a major misconduct ticket, and a higher security classification does not trigger a liberty interest.

*Guile v. Ball*, 521 F. App'x 542, 544 (6th Cir. 2013) (case citations omitted). Here, as previously mentioned, Plaintiff's transfer and reclassification did not involve anything that would rise to the level of an atypical and significant hardship. (*See* Docs. 6, 8). Therefore, in relation to his allegation that he was denied due process, Plaintiff has failed to state a claim upon which relief can be granted.

In regards to Plaintiff's claim that the defendants mishandled his various kites, informal complaints and grievance requests, Plaintiff again fails to show that he was deprived of "a right secured by the United States Constitution or a federal statute by a person who was acting under color of state law" under 42 U.S.C. § 1983. As the Magistrate Judge pointed out in detail, this Court and the Sixth Circuit have consistently held that the Constitution does not provide for a right to an effective prison grievance procedure. (*See* Doc. 7 at 6-7). Thus, even when we assume as true all of Plaintiff's allegations in relation to Defendants failing to take corrective action, Plaintiff has no viable claim. Based on the foregoing, Plaintiff's objection to the R&R is hereby **OVERRULED**.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), a court shall dismiss the case at any time if the court determines that the action fails to state a claim on which relied can be granted. As discussed above, that is the situation here. Also, pursuant to 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. Here, since Plaintiff fails to state a claim upon which relief can be granted, an appeal of this Order is not

taken in good faith.

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's October 29, 2015 Report. (Doc. 7). Accordingly, the complaint is **DISMISSED** and any leave to appeal *in forma pauperis* is **DENIED**. This matter shall be **CLOSED and TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

          */s/ Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court